**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4542**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ENIL RAMON MONTOYA VELASQUEZ,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00144-D-1)

———————

Submitted:  August 15, 2024                          Decided:  September 11, 2024

———————

Before AGEE and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Enil Ramon Montoya Velasquez pled guilty to distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Counts 2 and 3), and possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 5). A jury subsequently found him guilty of two additional counts: conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine and a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (Count 1), and distribution of 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count 4). The district court sentenced Velasquez to 264 months' imprisonment on Counts 1 and 4 and 240 months' imprisonment on Counts 2, 3, and 5, all to run concurrently, for a total term of 264 months.

In Velasquez's first appeal, we vacated the convictions on Counts 1 and 4 based on a Speedy Trial Act violation. *United States v. Velasquez*, 52 F.4th 133, 142-43 (4th Cir. 2022). Accordingly, we also vacated Velasquez's entire sentence and remanded for further proceedings. *Id.* at 143. On remand, the district court imposed a sentence of 240 months' imprisonment on Counts 2 and 3 and a consecutive 24 months' imprisonment on Count 5, for a total sentence of 264 months. Velasquez again appealed.

In this appeal, Velasquez argues that his sentence is procedurally unreasonable because the district court erred in not awarding him a two-point reduction for acceptance of responsibility. He also contends that the court imposed a presumptively vindictive

2

sentence on remand because he received a harsher sentence for the cocaine offenses than he did at his original sentencing. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard . . . ." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). "First, we evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the [Sentencing] Guidelines range, failing to consider the [18 U.S.C.] § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* "In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, [we] review[] the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted); *United States v. Carver*, 916 F.3d 398, 404 (4th Cir. 2019) (reviewing denial of acceptance of responsibility adjustment for clear error); *see United States v. Savage*, 885 F.3d 212, 225 (4th Cir. 2018) (defining clear error standard). If the district court committed no significant procedural error, we then "assess the substantive reasonableness of the sentence[,] . . . tak[ing] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Nance*, 957 F.3d at 212 (cleaned up).

A defendant's offense level may be decreased by two levels if the defendant clearly accepted responsibility for his offense. USSG § 3E1.1(a). However, "[a] defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true

3

has acted in a manner inconsistent with acceptance of responsibility." USSG § 3E1.1 cmt. n.1(A). Sentencing courts are empowered to make factual findings regarding relevant conduct using a preponderance of the evidence standard. *See United States v. Medley*, 34 F.4th 326, 335-36 (4th Cir. 2022). Further, because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," the judge's determination "is entitled to great deference on review." USSG § 3E1.1 cmt. n.5. Based on these standards, we discern no error in the district court's decision to deny Velasquez a reduction for acceptance of responsibility.

We turn next to Velasquez's claim that he received a vindictive sentence on remand. "When a defendant's sentence has been vacated on appeal and remanded for resentence, the district court may impose a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant." *United States v. Singletary*, 75 F.4th 416, 423 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 519 (2023). However, the court may not impose a sentence vindictively "against a defendant for having successfully attacked his first conviction." *Id.* at 421 (internal quotation marks omitted). "[A] defendant may establish judicial vindictiveness" either through affirmative proof of "actual vindictiveness," including "direct evidence of animus," or through "a rebuttable presumption of vindictiveness whenever a judge imposes a more severe sentence upon a defendant after a successful appeal." *Id.* at 424 (internal quotation marks omitted). A court may "defeat this presumption . . . by affirmatively identifying relevant conduct or events

4

that occurred subsequent to the original sentencing proceedings." *Id.* (internal quotation marks omitted).

Rather than assessing a new sentence "under the so-called count-by-count approach" to determine if it is harsher than the original sentence, we employ "the aggregate package approach." *United States v. Ventura*, 864 F.3d 301, 310 (4th Cir. 2017). "Under that approach, . . . a sentence is not problematic so long as the ultimate sentence for one or more counts does not exceed that given for all counts sentenced at the conclusion of the first trial." *Id.* at 311 (internal quotation marks omitted). Because the sentence the district court imposed on Velasquez on remand does not exceed the sentence given for all counts at his original sentencing, we conclude that a presumption of vindictiveness does not apply here. Furthermore, Velasquez does not argue actual vindictiveness, and we discern no direct evidence of animus by the district court.

Accordingly, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5